**AMERICAN HUMANIST ASSOCIATION; John Doe, as parents and next friends of their minor child; Jane Doe, as parents and next friends of their minor child; Jill Doe, Plaintiffs–Appellants,**

v.

**GREENVILLE COUNTY SCHOOL DISTRICT, Defendant–Appellee,**

and

**Jennifer Gibson, in her individual capacity; Burke Royster, in his individual capacity, Defendants.**

Alliance Defending Freedom, Amicus
Supporting Appellee.

No. 13–2502.

United States Court of Appeals,
Fourth Circuit.

Submitted: April 25, 2014.

Decided: May 16, 2014.

Aaron Joel Kozloski, Capitol Counsel,
LLC, Lexington, South Carolina; Monica
Lynn Miller, American Humanist Associa-
tion, Washington, D.C., for Appellants.
Thomas K. Barlow, John M. Reagle,
Childs & Halligan, P.A., Columbia, South
Carolina; R. Douglas Webb, Greenville
County School District, Greenville, South
Carolina, for Appellee. Kevin H. Theriot,
Jeremy D. Tedesco, Scottsdale, Arizona;
David A. Cortman, J. Matthew Sharp,
Rory T. Gray, Alliance Defending Free-
dom, Lawrenceville, Georgia; Matthew G.
Gerrald, Columbia, South Carolina, for
Amicus Supporting Appellee.

Before TRAXLER, Chief Judge, and
KEENAN and FLOYD, Circuit Judges.

Vacated and remanded by unpublished
PER CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Three pseudonymous individuals—Jill
Doe, a former fifth-grade student at Moun-
tain View Elementary School (the
"School"), and her parents, John and Jane
Doe—and the American Humanist Associ-
ation (AHA) (altogether, "Plaintiffs") sued
the Greenville County School District (the
"District"), alleging that the District violat-
ed 42 U.S.C. § 1983.[1] Specifically, Plain-

---

1. Plaintiffs also sued the District's superinten-
dent and the School's principal in their indi-
vidual capacities but have since dismissed
those defendants from the lawsuit.

tiffs contend that the District infringed upon their First Amendment Establishment Clause right by holding the School's graduation ceremony at a religious venue and by incorporating prayer as a part of the official graduation program.[2] Plaintiffs moved for a preliminary injunction. Plaintiffs also moved to continue to proceed pseudonymously and to keep their true identities under seal.

## I.

After a hearing, the district court denied both motions without written order. Plaintiffs appeal the denial of both motions and request that this case be reassigned to a different district judge upon remand.

## II.

This Court reviews the denial of a motion for a preliminary injunction for an abuse of discretion. *Dewhurst v. Century Aluminum Co.,* 649 F.3d 287, 289 (4th Cir.2011). "[T]o receive a preliminary injunction, a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.' " *W.Va. Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave,* 553 F.3d 292, 298 (4th Cir.2009) (quoting *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)).

Additionally, Rule 52(a)(1) and (2) of the Rules of Civil Procedure provides:

(a) Findings and Conclusions.

(1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

(2) For an Interlocutory Injunction. In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

In denying Plaintiffs' motion for a preliminary injunction, the district court provided no analysis of the law and made no attempt to apply the four factors mentioned above to the facts as alleged in the complaint. Thus, we are constrained to remand the case for reconsideration of the issue. *Id.* at 242–43. We likewise conclude that in denying the unopposed motion to proceed pseudonymously, the district court erred for the same reason stated above. Accordingly, we vacate the denial of Plaintiffs' motions for a preliminary injunction and to proceed pseudonymously and remand for reconsideration and for the opportunity for the district court to provide an analysis supporting any subsequent rulings.

## III.

Finally, we agree with Plaintiffs that the case be reassigned to a different district judge on remand and so order.

*VACATED AND REMANDED.*

---

**2.** John and Jane Doe are members of AHA, and AHA brought suit to assert the First Amendment rights of its members.